IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH (CENTRAL)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>DARREN ROSENSTEIN,<br><br>　　　　　　　　　Defendant. | **ORDER TO EXCLUDE TIME AND CONTINUE JURY TRIAL**<br><br>Case No. 2:22-cr-00352<br><br>Judge Jill N. Parrish |

　　　　Based on Defendant's Stipulated Motion to Continue Jury Trial and Exclude Time Under the Speedy Trial Act, the Court makes the following findings:

1. Defendant requests an "ends of justice" continuance under 18 U.S.C. § 3161(h)(7)(B)(i) as the additional time is needed for Counsel to fully discuss and properly advise Defendant regarding the charges in the Superseding Indictment. The facts that support this motion include:

2. The facts that support this motion include the following:

　　　a. The Speedy Trial Act clock in this case was activated due to the Initial Appearance of Defendant before the Court on October 17, 2022. At that time, a jury trial was scheduled for December 19, 2022, which was within the 70-day time period. On November 11, 2022, Defendant filed a stipulated Motion to Continue Jury Trial. The Court continued the trial and excluded time under the Speedy Trial Act, until March 20, 2023, within the time limits of the Speedy Trial Act. On February 3, 2023, Defendant filed a stipulated Motion to Continue Jury

1

Trial. The Court continued the trial and excluded time under the Speedy Trial Act, until June 26, 2023, within the time limits of the Speedy Trial Act. On June 9, 2023, the government filed a stipulated Motion to Continue Jury Trial. The Court continued the trial and excluded time under the Speedy Trial Act, until July 25, 2023. On July 3, 2023, Defendant filed a stipulated Motion to Continue Jury Trial. The Court continued the trial and excluded time under the Speedy Trial Act, until October 23, 2023. On August 23, 2023, the government filed a Superseding Sealed Indictment. On September 12, 2023, the Defendant was arraigned and the Indictment was unsealed. Defendant now seeks a continuance of at least 90 days past October 23, 2023.

b. The case is complex involving multiple counts of alleged wire fraud and money laundering. The discovery and evidence involve numerous bank statements and transactions, funding agreements, accounting records, and loan payments.

c. The parties were engaged in good-faith negotiations and hoped to reach a resolution on the case without having to proceed to trial.

d. The government's recent filing of the Superseding Indictment has not yet been fully discussed with the Defendant in order to engage in effective preparation for trial, taking into account the exercise of due diligence.

e. The government stipulates to the continuance and will not be hindered or prejudiced by the delay. There are no co-defendants on this case.

f. The continuance is not based on congestion of the court's calendar, lack of diligent preparation, or failure to obtain available witnesses on the part of the

attorneys for the government.

g. Counsel has conferred with Defendant about this motion and the Defendant was advised of the reasons for seeking a continuance, understands that the time requested in the continuance may be excluded from any calculation of time under the Speedy Trial Act, and with this understanding and knowledge, agrees to the filing of the motion.

h. A failure to continue trial under these circumstances would result in a miscarriage of justice and would deny Defendant the reasonable time necessary for effective trial preparation, taking into account the exercise of due diligence.

Thus, the ends of justice served by granting such a continuance outweigh the best interests of the public and Defendant in a speedy trial. 18 U.S.C. § §3161(h)(7)(A).

Based on the foregoing findings, the court concludes that failure to grant such continuance would result in a miscarriage of justice and would deny Counsel for the Defendant the reasonable time necessary for pretrial preparation, taking into account the exercise of due diligence. For these reasons, the court finds that the ends of justice is served by such a continuance outweigh the best interests of the public and the Defendant in a speedy trial.

THEREFORE, the jury trial previously scheduled to begin on October 23, 2023, is hereby continued to the 22nd day of January, 2024, at 8:30 a.m. Accordingly, the time between October 23, 2023, and the new trial date set forth above, January 22, 2024, is excluded from the speedy trial computation for good cause. The continuance is justified under 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), and (iv).

DATED this 20th day of September, 2023.

BY THE COURT:

_____
JILL N. PARISH
United States District Court Judge