UNITED STATES DISTRICT COURT

DISTRICT OF UTAH (CENTRAL)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>DARREN ROSENSTEIN,<br><br>　　　　　　　Defendant. | ORDER CONTINUING JURY TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT<br><br>Case No. 2:22-cr-00352-JNP<br><br>JUDGE JILL N. PARRISH |

Having considered Defendant's motion to continue the jury trial, the Court hereby finds as follows:

The Speedy Trial Act clock in this case was activated due to the Initial Appearance of Defendant before the Court on October 17, 2022.  At that time, a jury trial was scheduled for December 19, 2022, which was within the 70-day time period.  On August 23, 2023, the government filed a Superseding Sealed Indictment.  Since September 12, 2023, the Defendant has filed multiple stipulated motions to continue the jury trial which have been granted and time was excluded under the Speedy Trial Act.  Defendant now seeks a 180 day continuance of the jury currently set for July 22, 2024.

The additional time is needed because the case is voluminous and complex as there are multiple counts of alleged wire fraud and money laundering.   Reviewing discovery has been ongoing as it includes analyzing numerous bank statements and transactions, funding

SL_6768136.1

agreements, accounting records, and loan payments.  Counsel and the government have engaged in good-faith negotiations and hope to reach a resolution on the case without proceeding to trial. Counsel has exercised due diligence in communicating with and meeting with Defendant. The government stipulates to the continuance and will not be hindered or prejudiced by the delay. There are no co-defendants on this case and the continuance is not based on congestion of the court's calendar, lack of diligent preparation, or failure to obtain available witnesses on the part of the attorneys for the government. Counsel has conferred with Defendant about this motion and the Defendant was advised of the reasons for seeking a continuance, understands that the time requested in the continuance may be excluded from any calculation of time under the Speedy Trial Act, and with this understanding and knowledge, agrees to the filing of the motion.

      Based on the foregoing, the Court concludes that failure to grant such continuance would result in a miscarriage of justice and would deny Counsel for the Defendant the reasonable time necessary for pretrial preparation, taking into account the exercise of due diligence.  For these reasons, the Court finds that the ends of justice is served by such a continuance outweigh the best interests of the public and the Defendant in a speedy trial.  Accordingly, the Court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

      THEREFORE, FOR GOOD CAUSE SHOWN:

      The Jury Trial scheduled to begin on July 22, 2024, is hereby continued to the 13th day of January, 2025, at 8:30 a.m.  Accordingly, the time between July 22, 2024, and the new trial date set forth above is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. § 3161 (h)(7)(B)(iv).

DATED this 16th day of July, 2024.

BY THE COURT:

_____
JILL N. PARRISH
United States District Court Judge